## Case No. 6,749.

HOW et al. v. McKINNEY et al.

[1 McLean, 319.] [1]

Circuit Court, D. Indiana. May Term, 1838.

PLEADING—VARIANCE.

1. If there be a variance between the writ and declaration, advantage cannot be taken of it by motion, but the variance must be pleaded. in abatement or set out by a special demurrer.

2. Oyer of the writ must be prayed, and as oyer of the writ is now refused in England under a rule of court, the variance between the writ and the declaration is not pleadable there.

[Cited in Evans v. Morton, 2 Ind. 245.]

In this case, a motion was made by Mr. Pettit, who appeared for the defendants, to quash the writ on the following grounds: (1) Because the declaration varies from the writ. (2) Because the writ is in case, and the endorsement on it is special, on a promissory note and bail required. (3) The writ is too general, being simply trespass on the case.

BY THE COURT. The second and third objections to the writ are not sustainable. The writ is in the usual form and is good. And, as to the objection of variance between the writ and the declaration, that should be taken advantage of by plea in abatement or a special demurrer. A practice, it is said, has been adopted in one of the judicial circuits of this state, to take advantage of any variance between the writ and declaration, by a motion in this form. And it is insisted that this is in conformity with the English practice. It is true that a plea in abatement or demurrer for this variance is not now filed, as formerly in England; and the reason is, because, under a rule of court, oyer of the writ is refused; and without craving oyer. this matter cannot be pleaded. 2 Wils. 394, 395; 1 Bos. & P. 646, 647; 3 Bos. & P. 395; 7 East, 383. Nor will the court set aside the proceeding in respect of the variance. 2 Wils. 393; 3 East, 167. But this practice has not been adopted by the courts of the United States, nor does it appear that any decision of the supreme court of this state has sanctioned the practice of the circuit referred to. In the case of Duval v. Craig, 2 Wheat. [15 U. S.] 45, the supreme court held that variances between the writ and the declaration, are matters pleadable in abatement only, and cannot be taken advantage of, upon general demurrer to the declaration. And also in the case of Chirac v. Reinecker, 11 Wheat. [24 U. S.] 280. the

court say variances between the writ and declaration, are in general, matters proper for pleas in abatement, and if in any case such variances can be taken advantage of by defendant, it is an established rule, that it can only be done upon oyer of the writ, granted in some proper stage of the cause.

The motion to quash is overruled.